Grimke, J.
presided at the trial of this cause, and charged the jury, that the practice of taking property from an enemy, or its adherents, and dividing it among the soldiers, was not justified by the laws of nations or rules of warfare. That it had a tendency to promote licentiousness in an army, and on that account, was much discountenanced by all civilized nations. But the act of assembly of IT84, for indemnifying general Sumter, places this case beyond all doubt: it exonerates him, and all persons acting under his authority, from any prosecution or suit, on account of property taken, in order to give success to the operations of war. And expressly directs, that the former owners shall apply to the legislature, and not elsewhere : which seems to legalize all the proceedings of those officers $ and, in fact, vests the property in the in them.*
The jury returned a verdict for the plaintiff, to the amount of the value of the negroes.
A new trial was afterwards moved for in Charleston, before a full bench, on the ground that the plaintiff had not performed the services which would have entitled him to the delivery of the negroes in question; and on the further ground of the defendant’s case being a hard one.
A new trial was therefore ordered, on payment of costs.
This cause came on to be tried a second time at Camden, when Justice Burke was present, and there was a second. *58 verdict for the plaintiff. The defendant acquiesced in it, and afterwards applied to the legislature for redress;

 Note. The constitution of the XTniied States, and the constitution of Souih-CuroHnci, passed in June 9 171)0, both guard against ex post facto laws In future 5 consequently all such will, if: is presumed, be forever hereafter considered as null end void by the judges of this state, and those of everv-other state hi the Union.